UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| KENNETH E. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV414-258 |
| STEVE WARNER AND OPTIMUM OUTCOMES, INC., | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Kenneth Davis in this removed case under Fair Credit Reporting Act ("FCRA") contends that defendants illegally re-aged an eleven-year-old debt in order to collect on it despite a ten-year limitations bar. (Doc. 1-1 at 3.) Defendants[1] move to dismiss the action under Fed. R. Civ. P. 12(b)(6), contending that plaintiff has failed to state a claim.[2]

---

[1] Defendant Steve Warner claims that he has not been served and that he is not a party to this action. (Doc. 3 at 1 n.1.) Nevertheless, he is entering an appearance so that he may join in the motion to dismiss. (*Id.*)

[2] Under Rule 12(b)(6), allegations in the complaint are viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

(Doc. 3.) Their motion should be granted and this case should be dismissed.

Davis contends that re-aging debts is a clear violation of Section 623 of the FCRA. (Doc. 1-1 at 3.) Section 623 is codified at 15 U.S.C. § 1681s-2. While it is not clear from his complaint, his "notice of removal," which is actually a response to defendants' motion to dismiss, states that defendants violated 15 U.S.C. §§ 1681s-2(a)(5) and (c)(1). (Doc. at 1.) He may be correct that defendants have violated the law, but there is simply no private right of action under 15 U.S.C. § 1681s-2(a). *E.g.*, *Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642-43 (11th Cir. 2008); *Yan Sui v. Southside Towing*, 582 F. App'x 731, 731 (9th Cir. 2014); *Seamans v. Temple University*, 744 F.3d 853, 864 (3d. Cir. 2014); *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012). Enforcement is limited to "federal agencies, federal officials, and state officials." *Green*, 288 F. App'x at 642 n.2 (citing 15 U.S.C. §§ 1681s-2(c) & (d) and 15 U.S.C. § 1681s(c)(1)(B)). And § 1681s-2(c)(1) states that whenever notice

---

(citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (pro se pleadings are still construed liberally after *Iqbal*).

of a dispute is filed with a consumer reporting agency (defendant Optimum Outcomes is *not* a credit reporting agency -- it is a debt collector[3]), the reporting agency shall clearly note that there is a dispute and provide "either the consumer's statement or a clear and accurate codification or summary thereof" on the consumer's credit report. *Id.* Hence, § 1681s-2(c)(1) is irrelevant for present purposes.

While Davis does not raise any such claim, the "FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1)." *Green*, 288 F. App'x at 642. Here, plaintiff has reported "the illegal practices and activities of [defendants] to the Governor's Office, and online to the Federal Trade Commission," but he never states that he reported the dispute to any credit reporting agency, which should have been his first step in resolving the matter. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (under the FCRA, duties under § 1681s-

---

[3] Under the FCRA, a consumer reporting agency is any person who engages in the practice of assembling or evaluating consumer credit information for the purpose of furnishing such reports to third parties. 15 U.S.C. § 1681a(f). It is common knowledge that the three major credit reporting agencies for consumers are Equifax, Experian, and TransUnion.

2(b) arise only after the furnisher of financial information receives notice of the consumer's dispute from a credit reporting agency). Absent such an allegation, any such claim necessarily fails.

Davis has failed to state a claim for relief. Accordingly, defendants' motion to dismiss (doc. 3) should be **GRANTED** and this case should be **DISMISSED**. The Court also **GRANTS** the parties' request to stay discovery until this Report and Recommendation is either adopted or rejected by the district judge assigned to the case. (Doc. 10 (Fed. R. Civ. P. 26(f) report).) If the case survives, the parties shall confer and present a proposed scheduling order within 14 days of the Court's ruling.

**SO REPORTED AND RECOMMENDED** this __28th__ day of January, 2015.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA