IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KENNETH E. DAVIS, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV414-258
 )
STEVE WARNER and OPTIMUM )
OUTCOMES, INC., )
 )
    Defendants. )
 )

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 12), to which objections have been filed (Doc. 14). Defendants have filed a response in opposition to Plaintiff's objections. (Doc. 15.) After careful consideration, the Court **DECLINES TO ADOPT** the report and recommendation. Plaintiff shall have **fourteen days** from the date of this order to file an amended complaint. Plaintiff is **ON NOTICE** that failure to file an amended complaint shall result in the dismissal of this case.

Plaintiff, who is appearing pro se, filed this suit claiming that Defendants have violated Section 623 of the Fair Credit Reporting Act ("FCRA") by improperly reporting an outdated debt to various credit rating agencies. (Doc. 1, Attach. 1 at 3.) While the original complaint is vague,

Plaintiff clarifies in a subsequent filing[1] that he believes Defendants have violated 15 U.S.C. § 1681s-2(a)(5) and (c)(1). (Doc. 7 at 1.) As the Magistrate Judge points out in his report and recommendation, however, there is no private right of action under § 1681s-2(a). Green v. RBS Nat'l Bank, 288 F. App'x 641, 642-43. (11th Cir. 2008). The Magistrate Judge notes, however, that a private right of action is afforded under § 1681s-2(b), but "only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." (Doc. 12 at 3.)

In his objections, Plaintiff now claims that he did dispute the reporting of the allegedly outdated debt to all three major credit reporting agencies—Equifax, Experian, and TransUnion. (Doc. 14 at 1.) As a result, Plaintiff claims that Defendants must have received notice from the reporting agencies.[2] Id. In addition, Plaintiff requests

---

[1] Plaintiff incorrectly titles his response as a notice of removal.

[2] Plaintiff also takes great issue with the fact that Defendants have removed this matter to federal court after he brought suit in small claims court. (Doc. 14 at 1-2.) While the Court is sympathetic to Plaintiff concerning the difficulties in representing oneself pro se, there is nothing improper about Defendants' handling of this case. As Plaintiff filed suit alleging violations of federal law, Defendants were well within their rights to remove the action to this Court. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Accordingly, the Court finds

that he be given leave to amend his complaint should the Court find his previous filings insufficient. Id. at 2.

In response, Defendants argue that Plaintiff has still failed to plead facts to support a cognizable claim under the FCRA. (Doc. 15 at 2.) Specifically, Defendants state that Plaintiff has alleged no facts showing a credit reporting agency gave notice to Defendants of Plaintiff's claim. Id. Instead, Defendants argue, Plaintiff has only offered the legal conclusion that Defendants "received notice from the consumer reporting agency, which qualifies this case." (Doc. 14 at 2.) Further, Defendants argue that Plaintiff should not be given leave to amend his complaint because such amendment would be futile. (Doc. 15 at 4.)

After careful consideration, the Court finds that Plaintiff should be afforded an opportunity to amend his complaint to state an appropriate cause of action. See Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008) ("Under Fed. R. Civ. P. 15(a)(2), a court 'should freely give leave when justice so requires.' "). While Plaintiff's objections do not in themselves present a proper claim under § 1681s2-(b), the Court disagrees with Defendants that any amendment would be futile. Plaintiff

---

Plaintiff's objections regarding this issue to be without merit.

alleges that he brought his dispute to the credit reporting agencies as would be required before bringing suit under § 1681s2-(b), and the Court will allow him an opportunity to plead his case appropriately.

Accordingly, the Court **DECLINES TO ADOPT** the report and recommendation. Plaintiff shall have **fourteen days** from the date of this order to file an amended complaint. Plaintiff is **ON NOTICE** that failure to file an amended complaint shall result in the dismissal of this case.

SO ORDERED this 3rd day of March 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA